## Illinois Valley Bank, Appellee, v. D. L. Harshman, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded with directions. Opinion filed October 13, 1915. Rehearing denied December 11, 1915.

### Statement of the Case.

Action by Illinois Valley Bank, plaintiff, against D. L. Harshman, defendant, on promissory judgment notes signed by plaintiff. From a judgment by confession in favor of plaintiff, defendant appeals.

The notes contained warrants of attorney authorizing any attorney at any time thereafter to confess judgment in favor of the holder of the notes for such amount as might appear to be unpaid thereon, together with costs and ten per cent. attorney's fees.

An attorney signed a *cognovit* in which the defendant waived service, and said he could not deny "that he owes and is indebted to the said plaintiff in the sum of $2,682.47; and that plaintiff has sustained damages on occasion of the nonperformance of the several agreements in said declaration mentioned, including the sum of $268.24 for reasonable attorney's fees for entering up this judgment over and above its other costs and charges in this behalf expended to the amount of $5."

The clerk entered up a judgment in favor of the plaintiff for $2,950.71, being the amount of the notes and including attorney's fees.

ANDERSON & MATTHEWS, for appellant.

WILLIAMS & WILLIAMS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 48*—*when judgment for attorney's fees not authorized under cognovit.* Where a warrant of attorney authorized confession of judgment in favor of the holder of promissory notes for such amount as might appear to be unpaid thereon at the time, together with costs and ten per cent. attorney's fees, a *cognovit* stating that the defendant owed a certain sum, the face value of the notes and interest, and that the plaintiff had sustained damages, including a certain sum as attorney's fees, etc., to the amount of $5, *held* not to authorize the entry, by the clerk, of a judgment for the total of such sums, as the damages confessed were only the $5.

2. CLERKS OF COURTS, § 4*—*what is nature of powers of a clerk of court.* A clerk of a court has no judicial powers but acts as a ministerial officer only.

3. JUDGMENT, § 43*—*when clerk of court improperly exercises judicial powers in entering judgment.* A clerk in entering a judgment for an amount not authorized by a plea of confession is exercising judicial powers, and such judgment is void.

---

## Herman Pierik et al., trading as Herman Pierik & Company, Appellants, v. Erhardt Mueller, Appellee.

1. PAYMENT, § 29*—*when evidence sufficient to show that note was given in payment of subscribed shares of stock.* In an action on a promissory note, made by a subscriber to stock in a proposed corporation by the indorsee thereof, evidence *held* to authorize a finding that the note was given in payment of subscribed shares and not in return for a loan made to the subscriber by an agent of the promoters, though the note was, by such agent, made payable to the promoters.

2. BILLS AND NOTES—*when burden of proof on plaintiff to prove indorsement of note.* Where a promissory note payable to a proposed corporation for stock subscriptions, bearing the indorsement

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.